**PerkinsCoie**

700 13th Street, NW
Suite 600
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

March 30, 2023

**Robert Burgoyne**
RBurgoyne@perkinscoie.com
D. +202.654.1744
F. +202.624.9548

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
2400 United State Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:   Jason Zangara v. National Board of Medical Examiners**
        **Case Number:  23-1412  (3rd Cir.)**
        **District Court Case Number:  3-22-cv-01559 (D.N.J.)**

Dear Ms. Dodszuweit:

Our firm represents the National Board of Medical Examiners ("NBME") in connection with the referenced appeal. We are responding to your letter of March 10, 2023, regarding a possible jurisdictional defect. *See* 3rd Cir. Dkt. No. 5.

You requested the parties' views on this issue. NBME agrees that there is a jurisdictional defect and believes the appeal should be dismissed for lack of jurisdiction.

### Mr. Zangara's Appeal Notice

Mr. Zangara is proceeding *pro se*. He did not file an actual Notice of Appeal. Instead, he sent a letter to the district court and this Court which he asked to have treated as his notice of appeal. According to that letter, dated March 3, 2023, Mr. Zangara is appealing:

> 1. The March 2, 2023 "Text Order" directing Plaintiff to "file a motion for leave to file an amended complaint" .... [(Dist. Ct. ECF No. 31)]
>
> 2. The District Courts Denial of Plaintiffs requests under Rule 65 for a preliminary injunction.

3rd Cir. Dkt. No. 1 (March 8, 2023); Dist. Ct. ECF No. 32-1 (March 6, 2023).

Mr. Zangara submitted an Informal Brief on the same date, stating as follows in response to the questions found in section one of the Court's Informal Brief form:

**1. Jurisdiction: What order(s) of the district court or agency are you appealing?**

The order directing me to file a motion to ammend [sic] the complaint and the District Court not ruling on two seperate [sic] applications for an injunction after 1 year

**What is the date of the order(s)?**

3/2/23 (See Exhibit A) There is no order for the denial of the two injunctions

**When did you file your notice of appeal or petition for review?**

Today

3rd Cir. Dkt. No. 4 (March 8, 2023); Dist. Ct. ECF No. 32-2 (March 6, 2023).

### NBME's Position Regarding the Pending Appeal

For reasons that follow, Mr. Zangara's pending appeal should be dismissed for lack of jurisdiction.

1. A scheduling order directing a party to file a motion for leave to file an amended complaint by a certain date is a non-final procedural order that is not subject to interlocutory appeal. *See* 28 U.S.C. § 1291; *Wilderman v. Cooper & Scully, P.C.*, 428 F.3d 474 (3d Cir. 2005) (order staying a case in light of a related case pending in state court is a non-final, non-appealable order); *Weber v. McGrogan*, 939 F.3d 232, 236 (2019) ("Congress has given the federal circuit courts jurisdiction over 'appeals from all final decisions of the district courts[.]' 28 U.S.C. § 1291. A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (citation omitted).

The "'small category'" of exceptions to the final-order rule "'includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.'" *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (citations omitted). A text order directing a plaintiff to file a motion for leave to amend his complaint does not fall into this small category of decisions.

Finally, in accordance with the text order from which he has appealed, Mr. Zangara has now filed a motion to amend his complaint. *See* Dist. Ct. ECF No. 38 (Notice of Motion to Amend), 38-2 (Brief in Support of Motion to Amend), and 38-3 (proposed amended Complaint, containing 86 Counts, 836 numbered paragraphs, and 184 pages) (all filed on March 23, 2023). Therefore, even if otherwise proper (and it was not), his appeal from the text order is moot.

2. The district court has not ruled upon either of the two motions for preliminary injunctive relief that Mr. Zangara refers to as having been "deni[ed]" by the district court (3rd Cir. Dkt. No. 4). *See* Dist. Ct. ECF No. 3, 19. There is thus no order or decision on those motions from which Mr. Zangara may appeal. *See* 28 U.S.C. § 1291; 28 U.S.C. § 1292(a)(1).

### **Conclusion**

The Court should dismiss Mr. Zangara's pending appeal for lack of jurisdiction.

Respectfully submitted,

*Robert A. Burgoyne*

Robert Burgoyne

Cc:  Jason Zangara, by regular mail