

**Jason A. Zangara, MPH, MA, FF/NREMT, AIFireE**

573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

March 31, 2023

**VIA ELECTRONIC DELIVERY- emergency.motions@ca3.uscourts.gov**

**Office of the Clerk**
**United States Court of Appeals for the Third Circuit**
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:    Jason Zangara v. National Board of Medical Examiners**
     **Case Number: 23-1412 (3rd Cir.)**
     **District Court Case Number: 3-22-cv-01559 (D.N.J.)**

Dear Sir / Madam,

     Please accept this letter as the response to the communication that I obtained from the docket listing that was apparently filed electronically by Defendants Council yesterday, March 30, 2023; which I have yet to be served with by Defendants. That letter references one that I had received from the clerk's office dated March 10,2023 stating that the case would be submitted to a panel of the court for possible dismissal. I will address two issues, the first being the manner in which Defendants filed with this court followed by my reply to that response.

     First, I apologize for the informality of, and last minute arrival of my response as Defendants council **frequently** engages in such tactics to try and prevent me from responding by using the courts electronic filing system without notifying me of the filings. This has all been documented in the district court numerous times with the clerk's office with courtesy copies of the documents being sent to the judges detailing such. I am aggravated at their behavior, however it reassures me that if their Attorneys have to resort to these measures, then I must be doing something right that they cannot overcome the challenges I cause them fairly and honestly.

     As I have emphasized to the district judges, navigating this legal system as a self represented party is challenging and I therefore have committed time to leaning how this whole process works. During the course of this, I have read many self represented parties believe they are being treated unfairly by opposing council acting in the normal course of litigation when things are not in their favor simply because they do not understand what's going on. As I have also stated in prior submissions to the district judges, I would not be wasting my time and yours

writing this if it was because I didn't understand. I am wasting my time responding because of the history of "games" Defendants Attorneys have been attempting to play which seem to have now entered this appeal. Therefore, I believe an explanation of this situation is warranted.

Defendants Attorneys officially crossed the line when they filed a Sur reply on November 10, 2022. At this time they attempted to "play' both the district judge and the magistrate judge by submitting two different arguments that completely contradicted each other to each judge assuming that they wouldn't see what was submitted to the other. The next day, I brought this to the attention of both judges simultaneously with a single letter addressed to both of them.When I did this, they fell silent and offered no reply or explanation because they knew they were caught right in front of the two judges as their own documents showed clear as day what they were trying to do;  in addition to reminding them of the prior incidents on file with the clerk. Some of these include:

- Filings of motions on Fridays after the clerks offices closes returnable Monday (yes, 4 days later) knowing I couldn't , as a non attorney use the courts electronic filing system to respond by Monday morning

- Filing their response to my injunction on Monday and not serving me with the papers until Wednesday giving me 4 days to respond. (Luckily, Defendants have been sued so many times and recycle most of the same briefs I was able to predict their arguments two weeks prior)

- Calming they needed more time to respond to my motion when in fact, they were being sued in the Eastern District of New York by another medical student in <u>Samson v. NBME</u>

- Attempting to have the clerk overturn the judges 9/26/22 scheduling order  by asking the clerk to use L.Civ.R. 6.1(b) in a attempt to circumvent the judges authority

- Misrepresent practically every singe case they cited in their briefs causing me to have to print out copies of the cases and submit them as exhibits to show what they claim is written is nowhere near what is actually included in the options

This response is detailed and located at docket entry "DK"30 if this court would like to see for themselves in plain sight at what lengths my adversaries are going through to try and stop me from pursuing this action. Receiving an opposition brief thrown in a manila folder, unstapled, with all the pages all mixed up, three days late (when I only have 7 to respond)  from a firm with an apparent revenue of over $1.5 billion with Ivy league attorneys shows I really must have pissed off their attorney. Or I must be doing something right.

Therefore the position of Defendants Attorneys filing papers without me knowing about them is nothing new. I've been checking the dockets manually each and every day to see what has been submitted. I'm also still waiting for a copy of the notice of appearance that was filed on March 22, 2023, 10 days ago that I am yet to be served with.

### Response to : Mr. Zangara's Appeal Notice

As explained in the letter I sent to the judges, Defendants council have a proven track record of misrepresenting what the rules and precedential cases actually say. Luckily Mr. Burgoyne does it right in front of us so we don't have to go looking for it. He clams the following in his letter:

"Mr. Zangara is proceeding pro se. He did not file an actual Notice of Appeal. Instead, he

sent a letter to the district court and this Court which he asked to have treated as his notice of appeal."

Burgoyne seems to suggests that the appeal notice is defective or something, but withholds what the Rule actually says

3.4 Notice of Appeal in Pro Se Cases
The court will deem a document filed by a pro se litigant after the decision of the district court in a civil, criminal, or habeas corpus case to be a notice of appeal despite informality in its form or title, if it evidences an intention to appeal. The court will deem an application for leave to appeal in forma pauperis or an application for a certificate of appealability to be a notice of appeal if no formal notice has been filed.

Source: 1988 Court Rules 8.1, 8.3
Cross-References: 28 U.S.C. §2253; FRAP 3, 4(d), & 22(b), 24, Form 1, Form 3

Committee Comments: This rule is designed to emphasize that the jurisdictional requirement of a notice of appeal is met in a pro se case by the
filing of an informal document, a request for certificate of
appealability, or a motion for in forma pauperis status in this
court

Therefore, in this matter I have met the requirements of this court to file this appeal in accordance with its requirements.

### **Response to: NBME's Position Regarding the Pending Appeal**

As I have learned with Defendants council, I must check each and every citation in their briefs because they almost always have nothing to do with what they are arguing. They make the following statement:

*A scheduling order directing a party to file a motion for leave to file an amended complaint by a certain date is a non-final procedural order that is not subject to interlocutory*
*appeal.*

Notice how they didn't put any quotation marks around that statement? That's because it's their opinions as there is nothing to back this up! They then cite 28 U.S.C. § 1291;  and Wilderman v. Cooper & Scully, P.C., 428 F.3d 474 (3d Cir. 2005) as an attempt to make the reader believe that they somehow apply to this statement. (Normally, I would print out a copy of these and attach them as exhibits to show you, but I am rushing to get this brief completed. As with every single case Defendants council has cited during the course of this litigation there is probably a precedential case that addresses this exact issue, but are internally omitting since it will damage their case but I do not have time to find it)
The only case that I have found addresses the merits of this case directly and the exact issue before this court:

"We begin by addressing a procedural wrinkle identified by neither the parties nor the District Court. After Merritt filed his initial complaint and defendants filed their motions to dismiss, Merritt filed his first motion "for leave" to file an amended complaint. Merritt, however, was entitled to file that amended complaint as of right. Defendants' motions to

dismiss were not "pleadings," see Fed.R.Civ.P. 7(a), so Merritt remained entitled to amend his complaint once as a matter of course, see Fed.R.Civ.P. 15(a)(1). Thus, the District Court should have construed Merritt's initial motion, to which his amended complaint was attached, as the filing of that amended complaint. That filing would have rendered moot defendants' motions to dismiss. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Technically speaking, then, there were no motions to dismiss properly pending when the District Court dismissed Merritt's complaint."

Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009)

I can put quotations around my case because it actually exists and is not my opinion. This is exactly what is before this court. They next claim:

*A text order directing a plaintiff to file a motion for leave to amend his complaint does not fall into this small category of decisions.*

My response to this statement is two words: Cite it.

Burgoyne then states that I filed a motion to amend the complaint. Obviously I was ordered by the judge what else am I supposed to do? Ignore her?

The last item and the main point of this appeal is that the District court has refused to rule on two separate applications made under Rule 65 and fully briefed in November 2022. **I have been asking the court to hear a motion for an injunction for over a year.** This court has jurisdiction to review the district courts inaction as prescribed by Rule 8

"A party must ordinarily move first in the district court for the following relief:.....granting an injunction....A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.......The motion must..... state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action"

I have moved in the district court and the "district court.... failed to afford the relief requested" Rule 8. As the Rule then states to provide this court with " any reasons given by the district court for its action" Rule 8. The Rule **does not** state anything about me being required to submit an order in writing that the Injunction was denied

"A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.......The motion must...state that, a motion having been made, the district court.....failed to afford the relief requested" Rule 8

**Burgoyne's own words in his own brief on file in the Court of Appeals for the Second Circuit for the same Defendants regarding the same exam contradict his own words here and prove his is misrepresenting the availability of this court to review this matter. As he wrote in his own brief a few weeks ago:**

"Pursuant to 28 U.S.C. § 1657 and Fed. R. App. P. 2, Defendant-Appellant National Board of Medical Examiners("NBME") respectfully submits this motion for expedited proceedings on its appeal from the district court docket Order........

ARGUMENT
I. Appeals from preliminary injunction decisions should be expedited.

Pursuant to 28 U.S.C. § 1657(a), "each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of … any action for temporary or preliminary injunctive relief, or any other action if good cause therefore is shown." Fed. R. App. P. 2 also gives the Court power to expedite its decision in any appeal, on its own motion or the motion of a party.......Expedited consideration is warranted in this case......

/s/ Robert A. Burgoyne
Robert A. Burgoyne
Caroline M. Mew
PERKINS COIE LLP
700 Thirteenth Street N.W., Suite 800
Washington, DC 20005-3960
Telephone: 202.654.1744
Counsel of Record for DefendantAppellant

(Citing Defendants Motion for Expedited Appeal in Sampson v National Board of Medical Examiners Docket Number 23-3, Court of Appeals for the Second Circuit, DK #12)

The letter from the clerk **does not** raise any jurisdictional issues with the injunctions being on appeal with this court, it only dresses the order from the magistrate judge. That order by the magistrate judge was affirmed by the district judge (DK#34) on March 6th so the jurisdictional issue seems to be moot anyway.

Defendants and their attorneys, especially Burgoyne are well aware of this courts ability to and urgency for this court to review a grant or a denial of an injunction for these exams as this is causing me irreparable harm by the courts inaction. See Rush v. National Board of Medical Examiners, 268 F. Supp.2d 673 (N.D. Tex. 2003) (Delay in medical education and pursuing career as a physician caused by Defendants examinations constituted irreparable harm) Berger v. Nat'l Bd. of Med. Exam'rs, No. 19-CV-99, 2019 WL 4040576, at *28 (S.D. Ohio Aug. 27, 2019) ( finding that "a delay in taking the Step 2 CK exam pending the resolution of this lawsuit would deprive [plaintiff] of the opportunity to practice his chosen profession of medicine"); Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958, 964 (N.D. Cal. 2013) (medical student was likely to suffer irreparable harm by inability to participate in clinical rotations and earn medical degree while lawsuit was pending, delaying her professional career);

Defendants and their attorneys, especially Burgoyne are aware of this courts ability and justification to great the relief that I am asking of this court on an expedited basis since **Burgoyne himself lost the case that established the precedent that allows me to do this when this court ruled against him and his clients in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021). This is why he is attempting to manipulate this court into denying my appeal by his**

**misrepresentations while at the same time preparing to use Sampson in the Second Circuit as a vehicle to have the Untied States Suprer Court overturn his historic loss in this Circuit (Ramsay) simultaneously.**

  Therefore this court should maintain jurisdiction and decide this appeal in a expedited manner, as Burgoyne has conceded is necessary.

  Please advise if you have any questions or require any additional information from me. Thank you for your immediate attention to this matter.

            Very truly yours,

            **Jason A. Zangara, Pro Se**
              **Attorney for Plaintiff**

CC: Perkins Coie
   1155 Avenue of the Americas
   22nd Floor
   New York, New York 10036-2711
   Attorneys for Defendants
   via regular mail

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUT
No.23-1412

| | | |
|---|---|---|
| Jason Zangara | ) | |
| | ) | |
| Appellant | ) | **Certification of Service** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| National Board of Medical Examiners (NBME) | ) | |
| | ) | |
| Respondents | | |

I, Jason A. Zangara, Pro Se, Attorney for Appellant, being of full age sworn and state that I am serving the following documents:

1. Response to Jurisdiction Letter from the Clerk of the Third Circuit

Upon the clerk of the Clerk for the Third Circuit electronically as directed by the clerk's office to "emergency.motions@ca3.uscourts.gov"

**United States Court of Appeals for the Third Circuit**
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

I also certify that I am also serving copies of the same documents upon the Defendants via regular mail at the following address:

**Perkins Coie**
1155 Avenue of the Americas
22nd Floor
New York, New York 10036-2711
Attorneys for Defendants

I further certify that the above statements are true and I am aware that if they are willingly false, I am aware that I am subject to punishment.

*[signature: Jason Zangara]*
_____

Jason A. Zangara, Pro Se
573 Sidorske Avenue
Manville, N.J. 08835
(908) 672-0626
Attorney for Plaintiff