

**Jason A. Zangara, MPH, MA, FF/NREMT, AIFireE**
573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

May 14, 2023

**VIA ELECTRONIC DELIVERY-** emergency_motions@ca3.uscourts.gov

**Office of the Clerk**
**United States Court of Appeals for the Third Circuit**
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:    Jason Zangara v. National Board of Medical Examiners**
**Case Number: 23-1412 (3rd Cir.)**
**District Court Case Number: 3-22-cv-01559 (D.N.J.)**

Dear Sir / Madam,

    Please accept this letter and attachments as the Petition for En Bank Rehearing of the order filed on May 9, 2023 relating to the above captioned matter. As this matter is related to an Injunction filed pursuant to Rule 65 for urgent relief, I request the same treatment of this petition if possible. Enclosed is the following:

    1. Petition for En Bank Rehearing
    2. Certification of Service

    Please advise if you have any questions or require any additional information from me. Thank you for your immediate attention to this matter.

Very truly yours,

*Jason Zangara*

**Jason A. Zangara, Pro Se**
**Attorney for Petitioner / Appellant / Plaintiff**

UNITIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUT
No.23-1412

| | |
|---|---|
| Jason Zangara ) | |
| ) | |
| Appellant ) | **Certification of Service** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| National Board of Medical Examiners (NBME) ) | |
| ) | |
| Respondents | |

    I, Jason A. Zangara, Pro Se, Attorney for Petitioner / Appellant / Plaintiff , being of full age sworn and state that I am serving the following documents:

    1. Petition for En Bank Rehearing
    2. Certification of Service
    3. Cover Letter

    Upon the clerk of the Clerk for the Third Circuit electronically as directed by the clerk's office to "emergency_motions@ca3.uscourts.gov"

**United States Court of Appeals for the Third Circuit**
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    I also certify that I am also serving copies of the same documents upon the Defendants via certified mail at the following address:

**Perkins Coie**
1155 Avenue of the Americas
22nd Floor
New York, New York 10036-2711
Attorneys for Defendants / Respondents

I further certify that the above statements are true and I am aware that if they are willingly false, I am aware that I am subject to punishment.

*[signature]*
_____
Jason A. Zangara, Pro Se
573 Sidorske Avenue
Manville, N.J. 08835
(908) 672-0626
Attorney for Plaintiff

UNITIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUT
No.23-1412

| | |
|---|---|
| Jason Zangara )<br>)<br>  Appellant )<br>)<br>v. )<br>)<br>)<br>National Board of Medical Examiners (NBME) )<br>)<br>  Respondents | **Petition For En Banc Rehearing** |

### Petition for Panel Rehearing and Rehearing En Banc
### Under Fed. R. App. P. 35(b) and 40(a)

The Petitioner / Appellant / Plaintiff respectfully requests the granting of the instant Petition for Panel Rehearing and Rehearing En Banc Under Fed. R. App. P. 35(b) and 40(a). In support of this petition, he represents the following:

I express a belief, based on a reasoned judgment, that the panel's opinion and order (Exhibit A) conflicts with various, prior precedential decisions of this court and of the United States Supreme Court as detailed within this petition. Therefore I believe consideration by the full Court is therefore necessary to maintain uniformity in this Circuit and evaluate this potential conflict. In addition, I express a belief, based on a reasoned judgment, that the panel's opinion and order involves a question of exceptional importance:

"*What should be done to ensure prompt review of emergent applications and what recourse does a litigant have for noncompliance when a court does not document its refusal to hear that application within a reasonable time frame?*

**I. Statment of the Matter**

Plaintiff is medical student diagnosed since childhood with learning disabilities and Attention Deficit Hyperactivity Disorder (ADHD) and has been receiving treat continuously thought his life. In order to finish his medical training, he is required to take examinations offered by Defendants, The National Board of Medical Examiners. Defendants, are not scoring those examinations in compliance with the Americans with Disabilities Act as the only criteria to "pass" is not to show the actually competency level of the test taker, but to score the same as a prior or "norm group" of students who already took the examination. This comparison does nothing more than show the presence of a disability as all the standardized tests utilized to diagnose learning disabilities are based on this principle. (See Ramsay v. Nat. Bd. of Medical Examiners , 968 F.3d 251 (3d Cir. 2020),cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) "a clinical diagnosis of a learning disability is typically based upon a comparison between the individual and others in the general population")

This is not an accommodations case and Plaintiff has not asked for any type of compensation or something that could be interpreted as an advantage (such as extra time). All he has asked the court for is a declaratory judgment forcing Defendants to score their examinations based on the test takers own merit to the minimum standard required to safely practice medicine, not being compared in any way to anyone else that has taken the examination at any time.

**II. Procedural History**

The following is the history up to the date of the appeal: Plaintiff originally filed the complaint over one year ago March 8, 2022 (District of New Jersey Docket Number hereinafter "DK" 1) and a few days later (when the complaint was actually filed) filed an Order to Show Cause why a Preliminary Injunction should not issue on March 21, 2022 (DK 3). The court never

acted upon the Order to Show Cause or provided any feedback. The Summons was not issued until July 5, 2022 and served by the US Marshall on July 1,2022 (DK 9).

      Defendants Attorney entered an appearance and after a request for an extension, filed a Motion to Dismiss on August 8, 2022 (DK 12). Plaintiff filed a response (after which Defendants asked for another extension) on September 7, 2022 (DK 13). Plaintiff then filed a Sur Reply, Defendants the responded with a motion which he responded to (DK15-18). Included with the response to Defendants motion to file a Sur Reply, before the motion to dismiss was decided, Plaintiff requested leave to amend the complaint, submitting his certification at that time (DK 18). This was: (1) Hand delivered to the Clerk's office, (2) with a courtesy copy to the Presiding Judge (DK 18) and (3) a hard copy sent Defendants Attorney via UPS Overnight who was also (4) sent notice of the filings via the automated system to his email address: amandelsberg@perkinscoie.com . The Defendants motion to dismiss was mooted and Defendants nor the court indicated that they opposed the filing.

      At this time the still court never heard the application for an Order to Show Cause from March, 6 months prior so he filed another application (DK 19-20) and the court set the return date and ordered Defendants to reply (Dk20) The parties proceeded to argue and brief the merits of the case which included the chain of multiple replies & Sur Replies all of which are on file with the clerk's office. Despite the irreparable harm Plaintiff was experiencing, the court kept pushing back return date and the motion wasn't fully briefed on November 14,2022 (DK 30) . The court then claimed it was further pushing back the application to December 5, 2022 (No DK number, listed between 27 & 28 on DK report)

      The next communication was from the court entered on the docket was another entry for a return date of 12/5/2022, but it was entered on January 5, 2023 (no DK number, between 30 &

31 on DK report). The final communication from the court was the text order on March 2, 2023 ordering Plaintiff to file a motion to amend his complaint from 6 months prior, effectively denying his application for Injunctive Relief (DK31)

Plaintiff appealed **both** the order to amend his complaint and the District Courts refusal to rule on both applications for emergent relief, now one almost one year later to this court (Third Circuit Docket Number Hereinafter "3dCir DK " 1). He simultaneously filed a motion to proceed IFP & on the original record which were both granted by the clerk (3dCir DK6) along with a motion to expedite the Appeal and for an Injunction (3dCir DK 3&6). Despite Plaintiffs continued irreparable harm and expedited request just to hear the motions, the court did not issue an order dismissing the Appeal **until two months later now 14 months after Plaintiff origanlly requested emergent relief** (3dCir DK 11). Plaintiff therefore petitions on this matter & order.

### III. Reason for Granting the Petition

**A. The Court should do something to prevent this from happening anyone else**

This matter, Plaintiff believes is a failure of the system as his original Order to Show Cause should have been before a District Judge if not the same, but the next day in March of 2022. It was filed and docketed correctly as a "TRO" so it is unknown why it was never brought to chambers immediately even if it would be denied. In addition to this, even if he filed this action six months later in October, the application should have been fully briefed and decided promptly within a reasonable time period, probably in less than a month even if it would be denied.

Compounding this is, is that the information clearly specified the continued emergent nature causing further irreparable harm in the documents submitted to this court, but it was also not taken seriously and not ruled on until two months later. This should never happen to anyone

again as it is clear that based on opinions, documents in court records and highly publicized matters not involving this case, that the court system has the ability to expedite consideration of emergent matters.

**B. The Appeals Panel should not have Dismissed the Appeal on Jurisdictional grounds**

The decision of the Panel appears to be in conflict with multiple opinions, so much that Plaintiff can use the words directly from the opinions to make almost his entire legal argument using quotations:

"[T]he courts of appeals shall have jurisdiction of appeals from: Interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve injunctions. . . If an order is injunctive, even though interlocutory, it is immediately appealable. Cohen v. Board of Tr. of the Univ of Medicine, 867 F.2d 1455, 1464 (3d Cir. 1989)

"Although the Ma[rch] Order did not expressly "refuse" a preliminary injunction, it nonetheless had the practical effect of doing so. *See* 11 C. Wright A. Miller Federal Practice and Procedure § 2962 at 614 (1973) ("when a court declines to make a formal ruling on a motion for a preliminary injunction, its refusal to issue a separate order will be treated as equivalent to the denial of a preliminary injunction and will be appealable."). See also Cedar Coal Co. v. United Mine Workers,560 F.2d 1153, 1161-62 (4th Cir. 1977), cert. denied, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978); United States v. Lynd,301 F.2d 818, 822 (5th Cir.), cert. denied, 371 U.S. 893, 83 S.Ct. 187, 9 L.Ed.2d 125 (1962)." Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

"[A]n amended complaint supersedes the original complaint" and "renders it of no legal effect." Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc., 555 U.S. 438, 456 (2009); W. Run Student Hous. Assocs. LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013). For the

same reason, district courts have repeatedly dismissed motions for preliminary injunctions as moot based on superseded, inoperative complaints. See <u>Garcia v. Mid-Atlantic Military Family Comm. LLC</u>, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. . . . Plaintiff's Motion for Preliminary Injunction—which seek[s] relief based on Plaintiff's initial Complaint—[is] DISMISSED as moot."); <u>Techtronic Power Tools Tech. Ltd. v. Harbor Freight Tools USA, Inc.</u>, Case No. 8:20-cv-2004, D.I. 63 (D.S.C. October 21, 2020) (Ex.1) ("Because a properly filed amended complaint supersedes the original and becomes the operative complaint in the case, it renders the original complaint 'of no effect.' . . . Accordingly, Plaintiffs' motion for preliminary injunction [is] DENIED as moot[.]"); <u>Modtruss, Inc. v. Battlefrog LLC</u>, Case No. 1:16-cv-1317, D.I. 39, at 4 (N.D. Ga. June 6, 2016) (Ex. 2) (preliminary injunction motion ruled to be "moot because the underlying arguments are supported by the original complaint, which is now moot"); <u>Geisert v. Brown</u>, Case No. 3:9-cv-670, D.I. 20, at 6 (N.D. Tex. March 22, 2010) (Ex. 3) (denying preliminary injunction based on superseded original complaint); <u>Ades v. United States</u>, 2020 WL 6379238, at *1 (E.D. Tex. Sept. 23, 2020) (same); <u>OnX USA LLC v. Sciacchetano</u>, 2012 WL 2191206, at *1 (N.D. Ohio June 14, 2012) (same); <u>Miller v. Heil</u>, 2011 WL 3439736, at *2 (D. Colo. Aug. 5, 2011) (same).

"We hold further that because the district court's [March] order effectively denied the [Plaintiffs] application for a preliminary injunction, that order is appealable under 28 U.S.C. § 1292(a)(1). Finally, we conclude that the district court abused its discretion in refusing to reach the merits of the [Plaintiffs] preliminary injunction application." <u>Rolo v. General Development Corp.</u>, 949 F.2d 695, 697-98 (3d Cir. 1991)

"In this context, we conclude that the Ma[rch] Order... was an effective denial of that application and that, assuming the truth of the [Plaintiffs] allegations, that denial would impose "serious, perhaps irreparable" consequences on them. Accordingly, the district court's order refusing to reach the merits of the application for a preliminary injunction is appealable under § 1292(a)(1) " Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

Here, Plaintiff has met the "irreparable" harm standard established by this court as explained in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):

> "[A]n examiner's refusal to provide accommodations can **cause the exam-taker irreparable harm because doing so jeopardizes her "opportunity to pursue her chosen profession."** Enyart v. Nat'l Conf. of Bar Exam'rs, 630 F.3d 1153, 1166 (9th Cir. 2011); accord Doe v. Pa. State Univ., 276 F. Supp. 3d 300, 313-14 (M.D. Pa. 2017) (**holding that gap in medical school education and likelihood that the student could not gain acceptance to another school constituted irreparable harm**). Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction.

In Sampson v. National Board of Medical Examiners, No. 2:2022cv05120 (E.D.N.Y. 2022) the court adopted the same position as this court:

> "Because Sampson cannot proceed to his final year of medical school until he passes Step 1, any further delay pending a trial on the merits would continue to deprive Sampson of his opportunity to pursue his medical training. Berger v. Nat'l Bd. of Med. Exam'rs, No. 19-CV-99, 2019 WL 4040576, at *28 (S.D. Ohio Aug. 27, 2019) ( **finding that "a delay in taking the Step 2 CK exam pending the resolution of this lawsuit would deprive [plaintiff] of the opportunity to practice his chosen profession of medicine"**); Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958, 964 (N.D. Cal. 2013) (**medical student was likely to suffer irreparable harm by inability to participate in clinical rotations and earn medical degree while lawsuit was pending, delaying her professional career**); Bonnette v. D.C. Ct. of Appeals, 796 F. Supp. 2d 164, 186–87 (D.D.C. 2011) ("Because [plaintiff] cannot practice law until she successfully passes the D.C. Bar Examination, any delay in taking the MBE deprives her of time to practice her chosen profession."); Jones v. Nat'l Conf. of Bar Exam'rs, 801 F. Supp. 2d 270, 286–87 (D. Vt. 2011) ( "[W]hile Plaintiff is losing opportunities to take the MPRE, there is no countervailing benefit she obtains through the passage of time.

> Indeed, the passage of time is likely to exacerbate her harm as it may delay completion of her law school education and may delay her entry into her chosen professional field.")"

"Plaintiffs rel[ied] on the exception in 28 U.S.C. § 1292(a)(1), which grants appellate courts jurisdiction over "[i]nterlocutory orders of the district courts of the United States ... refusing ... injunctions." Our jurisdiction under § 1292(a)(1) extends to the review of orders expressly denying injunctions and "orders that have the practical effect of ... denying injunctions." Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (emphasis omitted) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-88, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) ). Section 1292(a)(1)'s exception to the final-decision rule is limited, so we construe § 1292(a)(1) narrowly. Ross v. Zavarella, 916 F.2d 898, 902 (3d Cir. 1990)" Distributed v. Attorney Gen. N.J., 972 F.3d 193, 198 (3d Cir. 2020)

"[W]e have held that "[w]hen an appeal is taken from an order made appealable by statute, we have all the powers with respect to that order listed in 28 U.S.C. § 2106."United Parcel Serv., Inc. v. U.S. Postal Serv., 615 F.2d 102, 107 (3d Cir. 1980). Accordingly, we have broad authority to decide this case as appropriate under § 2106." OFC Comm Baseball v. Markell, 579 F.3d 293, 298 (3d Cir. 2009); McCreary Tire Rubber Co. v. CEAT S.p.A.,501 F.2d 1032, 1037-38 (3d Cir. 1974); Johnson v. Alldredge,488 F.2d 820, 822-23 (3d Cir. 1973), cert. denied sub nom; Cronrath v. Johnson, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974)

Concluding that it appears that the panel did have jurisdiction to hear Plaintiffs motions for relief and this appeal.

## Conclusion

WHEREFORE, for all the foregoing reasons, Petitioner / Applicant / Plaintiff respectfully requests that this Court grant the instant Petition for Panel Rehearing and Rehearing En Banc.

*Jason Zangara*

Jason A. Zangara, MPH, MA
573 Sidorske Avenue
Manville, New Jersey 08835
(908) 672-0626
firefighterjazzyj@yahoo.com
Petitioner / Applicant / Plaintiff, Pro Se

Dated 5/14/2023

## Certification of Compliance

I hereby certify, to the best of my knowledge, that this petition complies to the specifications of Fed.R. App. P. 32(g).

*Jason Zangara*

Jason A. Zangara, MPH, MA
573 Sidorske Avenue
Manville, New Jersey 08835
(908) 672-0626
firefighterjazzyj@yahoo.com
Petitioner / Applicant / Plaintiff, Pro Se

Dated: 5/14 /2022

# EXHIBIT A

_____ ORDER _____

The foregoing appeal and request for an injunction are dismissed for lack of jurisdiction, and the motion to expedite consideration of the appeal is denied. Absent circumstances that are not present here, our appellate jurisdiction is limited to reviewing final decisions of the district courts. *See* 28 U.S.C. § 1291. Zangara seeks review of a Magistrate Judge's order directing him to file a motion for leave to file an amended complaint. We lack jurisdiction over that order. *Siers v. Morrash*, 700 F.2d 113, 115–16 (3d Cir. 1983) (stating that "review of a magistrate's decision on a nondispositive pretrial matter must, initially, be had in the district court"); *In re Glenn W. Turner Enters. Litig.*, 521 F.2d 775, 781 (3d Cir. 1975) (holding that interlocutory pretrial orders are not immediately appealable).

By the Court,

s/ Paul B. Matey
Circuit Judge

Dated: May 9, 2023
Amr/cc: All counsel of record

A True Copy:

Patricia A Dodszuweit

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate